BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
ELIZABETH C. PETERSON, State Bar No. 194561
Email: epeterson@wsgr.com
CHERYL W. FOUNG, State Bar No. 108868
Email: cfoung@wsgr.com
DIANE M. WALTERS, State Bar No. 148136
Email: dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
Larry Page, Sergey Brin,
Eric E. Schmidt, L. John Doerr, John L.
Hennessy, Paul S. Otellini, K. Ram Shriram,
Shirley M. Tilghman, Nikesh Arora, Patrick
Pichette, and Nominal Party Google Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re GOOGLE INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. CV-11-04248-PJH |
| This Document Relates To: | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT |
| ALL ACTIONS | DATE: March 21, 2012<br>TIME: 9:00 am<br>JUDGE: Hon. Phyllis J. Hamilton |

1   Nominal Party Google Inc. ("Google" or the "Company") and Individual Defendants Larry

2   Page, Sergey Brin, Eric E. Schmidt, L. John Doerr, John L. Hennessy, Paul S. Otellini, K. Ram

3   Shriram, Shirley M. Tilghman, Nikesh Arora, and Patrick Pichette (collectively "defendants")

4   hereby request that this Court consider documents incorporated by reference in and integral to the

5   Verified Consolidated Shareholder Derivative Complaint ("Complaint" or "CC") and judicially

6   notice pursuant to Rule 201 of the Federal Rules of Evidence certain documents submitted in

7   support of the Defendants' Motion to Dismiss the Complaint.

8                                    <u>DISCUSSION</u>

9   **I.      The Court Should Consider Documents Incorporated By Reference And Integral**

10          **To Plaintiffs' Claims**

11          Under the incorporation by reference doctrine, district courts may "consider documents

12  'whose contents are alleged in a complaint and whose authenticity no party questions, but which

13  are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*,

14  183 F.3d 970, 986 (9th Cir. 1999) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994),

15  *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

16  This doctrine has been extended "to situations in which the plaintiff's claim depends on the

17  contents of a document, the defendant attaches the document to its motion to dismiss, and the

18  parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly

19  allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076,

20  (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (holding that district

21  court had properly considered documents attached to a motion to dismiss that described the terms

22  of plaintiff's group health insurance plan where membership in the plan was alleged and claims

23  depended on the conditions described in the documents), *abrogated by statute on other grounds,*

24  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).  This Court has

25  recognized that in the context of a motion to dismiss a shareholder derivative suit, the "Court may

26  consider documents referenced extensively in the complaint and documents that form the basis of a

27  plaintiff's claim." *In re VeriSign, Inc., Deriv. Litig.*, 531 F. Supp. 2d 1173, 1187 (N.D. Cal. 2007)

28

1   (citing, *inter alia*, *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003)).

2          Accordingly, defendants request that the Court consider on the defendants' Motion to

3   Dismiss the following documents, cited to or necessarily relied on in the Complaint:

4          1.   Google's Non-Prosecution Agreement with the Department of Justice dated August

5                19, 2011 (referenced in the Complaint, *e.g.*, ¶¶9, 72), Ex. A to the Declaration of

6                Cheryl W. Foung ("Foung Dec.").

7          2.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on March

8                31, 2006 (*see* Complaint ¶¶21-30), Ex. B to Foung Dec.

9          3.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on April

10               4, 2007 (*see* Complaint ¶¶21-30, 106(a)), Ex. C to Foung Dec.

11         4.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on March

12               25, 2008 (*see* Complaint ¶¶21-30, 106(a)), Ex. D to Foung Dec.

13         5.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on March

14               24, 2009 (*see* Complaint ¶¶21-30, 106(a)), Ex. E to Foung Dec.

15         6.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on March

16               29, 2010 (*see* Complaint ¶¶21-30, 106(a)), Ex. F to Foung Dec.

17         7.   Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on April

18               20, 2011 (*see* Complaint ¶¶21-30), Ex. G to Foung Dec.

19  **II.     The Court Should Take Judicial Notice of Google's SEC Filings and Certificate of**

20          **Incorporation**

21         Defendants also request that the Court take judicial notice of additional documents under

22  Federal Rules of Evidence 201.  A judicially noticeable fact is one that is not subject to reasonable

23  dispute in that "it is either (1) generally known within the territorial jurisdiction of the trial court, or

24  (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be

25  questioned."  FED. R. EVID. 201(b).  Judicial notice is "mandatory" if "requested by a party and

26  supplied with the necessary information."  FED. R. EVID. 201(d).  The Court may take judicial

27  notice of matters of public record without converting a motion to dismiss a shareholder derivative

28

into a motion for summary judgment. *Baca ex rel. Insight Enters., Inc. v. Crown*, No. 09-1283-PHX, 2010 WL 2812697, at *2 (D. Ariz. Jan. 8, 2010) (citing, *inter alia*, *MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986)); *Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F. Supp. 2d 1325, 1339 n.6 (D. Ariz. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *In re Bidz.com, Inc. Deriv. Litig.*, 773 F. Supp. 2d 844, 849 n.2 (C.D. Cal. 2011).

Judicial notice may be taken of SEC filings, certificates of incorporation, and press releases. *See In re Computer Sciences Corp. Deriv. Litig.*, No. 06-05288-MRP, 2007 WL 1321715, at *7 n.5 (C.D. Cal. Mar. 26, 2007) (taking judicial notice of proxy statement, Form 8-K, SEC Form 4, articles of incorporation), *aff'd sub nom. Laborers Int'l Union of N. Am.v. Bailey*, 310 Fed. Appx. 128 (9th Cir. 2009); *Jones*, 503 F. Supp. 2d at 1339 n.6 (taking judicial notice of proxy statement); *Baca*, 2010 WL 2812697, at *2, *3 (taking judicial notice of Form 10-K, press releases, and certificate of incorporation of a Delaware corporation); *Bidz.com*, 773 F. Supp. 2d at 855, 859 (taking judicial notice of Form 10-K, certificate of incorporation).

Accordingly, defendants request that the Court take judicial notice of the following documents:

8.  Excerpts from Google's Form 10-K for the year ended December 31, 2004, filed March 30, 2005, Ex. H to Foung Dec.

9.  Excerpts from Google's Form 10-K for the year ended December 31, 2006, filed March 1, 2007, Ex. I to Foung Dec.

10. Excerpts from Google's Form 10-K for the year ended December 31, 2009, filed on February 12, 2010, Ex. J to Foung Dec.

11. Excerpts from Google's Third Amended and Restated Certificate of Incorporation as filed August 24, 2004, attached as Ex. 3.01 to Google's Form 10-K for the year ended December 31, 2010, filed with the SEC on February 11, 2011, Ex. K to Foung Dec.

WHEREFORE, the defendants hereby request that the Court take judicial notice of the above-referenced documents in connection with the defendants' Motion to Dismiss the Complaint.

1    Dated:  December 14, 2011                    Respectfully submitted,

2                                                 WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation
3                                                 650 Page Mill Road
                                                  Palo Alto, CA  94304-1050
4

5                                                 By: /s/ Boris Feldman
                                                        Boris Feldman
6                                                     Attorneys for Defendants
                                                     Larry Page, Sergey Brin,
7                                                     Eric E. Schmidt, L. John Doerr, John L.
                                                     Hennessy, Paul S. Otellini, K. Ram Shriram,
8                                                     Shirley M. Tilghman, Nikesh Arora, Patrick
                                                     Pichette, and Nominal Party Google Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28