BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
ELIZABETH C. PETERSON, State Bar No. 194561
Email: epeterson@wsgr.com
CHERYL W. FOUNG, State Bar No. 108868
Email: cfoung@wsgr.com
DIANE M. WALTERS, State Bar No. 148136
Email: dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
Larry Page, Sergey Brin,
Eric E. Schmidt, L. John Doerr, John L.
Hennessy, Paul S. Otellini, K. Ram Shriram,
Shirley M. Tilghman, Nikesh Arora, Patrick
Pichette, and Nominal Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re GOOGLE INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. CV-11-04248-PJH<br><br>DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT<br><br>DATE: April 4, 2012<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Phyllis J. Hamilton |

Defendants have submitted eleven documents for the Court's review. Ten of these are standard filings with the Securities and Exchange Commission ("SEC"). Exs. B-K. Six of those SEC filings are referred to explicitly or necessarily relied upon in the Complaint, and are fully incorporated by reference into the pleadings. Exs. B-G.

Plaintiffs oppose the consideration of the content of every document. Plaintiffs argue that none of the documents may be reviewed for the truth. They further contend that if the court considers their documents, defendants' motion to dismiss is converted into a motion for summary judgment and plaintiffs should be permitted discovery. Ample legal authority, including from this Court, makes plain that plaintiffs' arguments are devoid of merit. Each of the eleven documents and their content are the proper subject of review on the pending motion to dismiss, without converting the motion into a motion for summary judgment.

**I.  THE COURT MAY CONSIDER THE CONTENT OF DOCUMENTS INCORPORATED BY REFERENCE TO BE TRUE**

**The Complaint and Opposition Rely on Identical Documents For Their Truth**. Defendants sought review of Exhibits A-G under the incorporation by reference doctrine on the basis that the Complaint expressly cited to or relied on the documents. Defs.' Request for Judicial Notice ("RJN") at 1-2.[1] Plaintiffs object to consideration of the content of these documents. Ironically, ***plaintiffs have attached as an exhibit the very same 2011 Proxy Statement*** as defendants' Exhibit G.[2] Plaintiffs indisputably quote from the Proxy Statement for ***the truth of its content***. Plaintiffs have cited the 2011 Proxy Statement for its truth, stating that it "conced[es] that Page, Brin and Schmidt were not 'independent' pursuant to the Listing Rules of Nasdaq." Opp. at

---

[1] Plaintiffs repeatedly confuse the basis on which court review was sought for Exhibits A-K. *Compare* Plaintiffs' Memorandum in Response to Defendants' Request for Judicial Notice ("Pls.' Response"), at 4-5 *with* RJN at 1, 2. It is well established that judicial notice and incorporation by reference are entirely distinct ways for a court to consider facts outside the four corners of the complaint. *See In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746, 759 (N.D. Cal. 1997) ("Even if the Court cannot properly take judicial notice of . . . SEC forms [it] may consider them under the incorporation by reference doctrine."). Defendants have relied on both the incorporation by reference doctrine and Federal Rule of Evidence Rule 201(b) and have explained the standards under each. RJN at 1-3.

[2] *See* Declaration of Shane P. Sanders ("Sanders Dec."), Ex. A; Plaintiffs' Opposition to Defendants' Motion to Dismiss Verified Consolidated Shareholder Complaint ("Opp.") at 22 n.19.

22 n.19. Thus, plaintiffs are not asking the Court to merely take notice of statements made in the Proxy; rather they are asking the Court to find that these statements show that the inside directors are not independent under the NASDAQ rules. Pls.' Response at 1. At the same time that plaintiffs cite the document for the truth of its content, they argue that defendants may not do the same – for this document or others similar to it.[3] Plaintiffs' "tails I win, heads you lose" argument is unsupported.

Courts in this Circuit have long held under the incorporation by reference doctrine that documents such as SEC filings may be considered for their truth in a motion to dismiss. Indeed, the Ninth Circuit expressly rejected the arguments plaintiffs make here. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999). In *Silicon Graphics*, plaintiffs relied on SEC Forms 3 and 4 for "many of the facts regarding the officers' stock sales." *Id.* at 986. The Court rejected plaintiffs' argument that consideration of those documents was inappropriate on a motion to dismiss. *Id.* The Ninth Circuit likewise rejected plaintiffs' argument that the defendants could not cite to the documents for the specifics of the stock transactions – *i.e.*, their content. *Id.* And, the Court rejected the same unsupported argument that plaintiffs assert here – that "discovery may reveal that the SEC filings were not, in fact, accurate." Pls.' Response at 4. The Ninth Circuit stated:

> Although [the plaintiff] questions the veracity of the SEC forms, her ongoing and substantial reliance on the forms as a basis for her allegations substantially weakens her position. As the district court pointed out, "[h]aving raised questions about . . . [officers'] SEC filings . . . [Brody] can hardly complain when [the officers] refer to the same information in their defense."

*Silicon Graphics*, 183 F.3d at 986 (citation omitted). *See In re Downey Sec. Litig.*, No. CV 08-3261, 2009 WL 2767670, at *6 n.4 (C.D. Cal. Aug. 21, 2009) ("Because [the complaint] alleges and relies on the contents of Exhibits C, D, M, and V, the Court 'may treat such [] document[s] as part of the complaint, and thus may assume [their] contents to be true for purposes of a motion to dismiss under Rule 12(b)(6)'") (alteration in original) (citing *United States v. Ritchie*, 342 F.3d

---

[3] Plaintiffs similarly argue that the Non-Prosecution Agreement (defendants' Exhibit A ("NPA")) cannot be considered for the truth, ignoring that the Complaint cites extensively from this document for the truth. *Compare* Pls.' Response at 3 n.2, *with* Complaint ¶¶9, 72.

903, 908 (9th Cir. 2003)).[4]

Notably, this Court recently held on a motion to dismiss that under the incorporation by reference doctrine, the "court is justified in looking outside the four corners of the complaint, to the document itself if offered." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) ("'the District Court [is] entitled to take notice of the full contents of the published articles referenced in the complaint, from which [] truncated quotations [are] drawn'") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.13 (2007) (alteration in original)). This Court also cited to the decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), where the Supreme Court discussed the documents to be considered in a securities fraud action:

> [C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference*, and matters of which a court may take judicial notice.

*Id.* (emphasis added). The Supreme Court did not suggest or embrace the notion that only plaintiffs' truth may be accepted. On the contrary, the Court held that the appropriate inquiry "is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter." *Id.* at 322-23. The court "must engage in a comparative evaluation; it must consider, not only inferences urged by the plaintiff . . . but also competing inferences rationally drawn from the facts alleged." *Id.* at 314.

Not only does the incorporation doctrine support the Court's review, but defendants showed precisely where Exhibits A-G were expressly cited or necessarily relied upon in the Complaint. RJN at 2. Plaintiffs necessarily relied on the proxy statements attached as Exhibits C,

---

[4] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir.) (plaintiff's attachment of an arbitration award to his complaint "justified both the district court's consideration . . . of the factual findings contained therein as well as the conclusion the court drew from it," which proved "fatal to his claims"), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 & n.4 (9th Cir. 1994) (where complaint relied on deposition testimony, transcript would be treated as part of the pleading for purposes of deciding the motion to dismiss; holding further that deposition transcript supported defendant's warrant affidavit), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *cf. Marder v. Lopez*, 450 F.3d 445, 448-49 (9th Cir. 2006) (considering release cited in complaint but not considering letter that was not even created until after complaint had been filed).

D, E, F, and G to compute the amount of donations made to Stanford.[5] Plaintiffs necessarily relied on the contents of the 2006-2010 proxy statements (Exs. B-G) when alleging the relationships between Google directors (Compl. ¶¶21-30), their purported lack of independence (*id.* ¶106(a)), and their alleged unjust enrichment. *Id.* ¶127. While plaintiffs do not explicitly cite to these proxy statements, "the allegations can be derived only from those publicly-filed documents." *Silicon Graphics*, 970 F. Supp. at 759 ("Plaintiffs cannot preclude consideration of defendants' SEC forms by artful pleading."). Thus, defendants very explicitly provided the "basis supporting their use of th[ese] document[s] for [their] truth." Pls.' Response at 4. Plaintiffs' rhetoric does not show otherwise. *Id.* at 5.

Plaintiffs argue that "discovery may reveal that the SEC filings were not, in fact, accurate." *Id.* at 4. Plaintiffs fail to provide a single fact to support their speculation. As stated above, when a plaintiff questions the veracity of an SEC filing only to rely on it again and again, the court must take the whole document as true. *Silicon Graphics*, 183 F.3d at 986.

Because the six proxy statements and the NPA (Exs. A-G) are referenced or relied on in the Complaint, the Court may consider their contents under the doctrine of incorporation by reference and "'may assume [their] contents to be true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Downey*, 2009 WL 2767670, at *6 n.4 (citation omitted). The Court need not take judicial notice of these documents, because they already have become a part of the Complaint.

## II. THE REMAINING SEC FILINGS MAY BE JUDICIALLY NOTICED FOR THEIR CONTENT

Defendants requested under Federal Rule of Evidence 201 judicial notice of four of Google's Form 10-Ks (Exs. H-K), one of which included Google's Certificate of Incorporation. These exhibits showed the amount of Google's revenues, the date the Company went public, and that the Certificate of Incorporation contained an exculpatory clause. Defs.' Mem. at 15, 23 n.39, 18, respectively. Plaintiffs do not even purport to dispute any of these basic facts. Courts routinely take judicial notice of SEC filings and certificates of incorporation, without converting a motion to

---

[5] *See* Defendants' Memorandum in Support of Motion to Dismiss Verified Consolidated Shareholder Derivative Complaint ("Defs.' Mem.") at 20 n.35. Plaintiffs, however, erroneously counted license payments as "charitable contributions." *Id.*

dismiss into a summary judgment motion. Courts also take judicial notice of SEC filings for their content. This Court recently held in *Bare Escentuals* that SEC filings may be noticed for their content – the "court is also permitted to take judicial notice of the content of relevant public disclosure documents required to be filed with the SEC" – in contrast to other types of documents. 745 F. Supp. 2d at 1067.[6]

In the derivative context, courts have noticed SEC filings for their substantive content. *See In re Bidz.com Deriv. Litig.*, 773 F. Supp. 2d 844, 849 n.2 (C.D. Cal. 2011) (rejecting plaintiff's argument that SEC filings cannot be noticed for the truth of their contents); *In re Computer Sci. Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8, 588-89 (C.D. Cal. 2007) (reviewing language of Form 8-K for its substance and finding its meaning did not support plaintiff's assertions that directors knew of wrongfully granted stock option grants), *aff'd sub nom.*, *Laborers Int'l Union of N. Am .v. Bailey*, 310 F. App'x 128 (9th Cir. 2009); *Baca ex rel. Insight Enters. Inc. v. Crown*, No. CV09-1283, 2010 WL 2812697, at *2, 7 (D. Ariz. Jan. 8, 2010) (reviewing language from Form 10-K and rejecting contrary "inference suggested by Plaintiff"); *In re MIPS Techs., Inc. Deriv. Litig.*, 542 F. Supp. 2d 968, 971-72 & nn.1, 2 (N.D. Cal. 2008) (courts "routinely consider[] [SEC filings] in deciding a motion to dismiss in a securities case"; reviewing content of Form 10-K and finding plaintiffs incorrectly quote from and interpret its content); *Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F. Supp. 2d 1325, 1339 n.6, 1340 (D. Ariz. 2007) (reviewing content of stock sales and exculpatory clause in certificate of incorporation).[7] Thus, the content of Exhibits H-K is the proper subject of judicial notice.

---

[6] *See In re Coinstar Inc. S'holder Deriv. Litig.*, No. C11-133, 2011 WL 5553778, at *2 (W.D. Wash. Nov. 14, 2011) ("Judicial notice of SEC filings is appropriate because they are matters of public record and are 'capable of accurate and ready determination.'") (citation omitted); RJN at 2-3.

[7] *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1943-44, 1954 (2009) ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content"; taking note of content of DOJ report referenced on internet in *Bivens* action).

# CONCLUSION

For the reasons stated, Defendants' Request for Judicial Notice should be granted in its entirety.

Dated: March 15, 2012

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

By: /s/ Boris Feldman
     Boris Feldman

Attorneys for Defendants
Larry Page, Sergey Brin,
Eric E. Schmidt, L. John Doerr, John L. Hennessy, Paul S. Otellini, K. Ram Shriram, Shirley M. Tilghman, Nikesh Arora, Patrick Pichette, and Nominal Party Google Inc.