1  BORIS FELDMAN, State Bar No. 128838
   Email: boris.feldman@wsgr.com
2  ELIZABETH C. PETERSON, State Bar No. 194561
   Email: epeterson@wsgr.com
3  CHERYL W. FOUNG, State Bar No. 108868
   Email: cfoung@wsgr.com
4  DIANE M. WALTERS, State Bar No. 148136
   Email: dwalters@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100

8
   Attorneys for Defendants
9  Larry Page, Sergey Brin,
   Eric E. Schmidt, L. John Doerr, John L.
10 Hennessy, Paul S. Otellini, K. Ram Shriram,
   Shirley M. Tilghman,
11 and Nominal Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re GOOGLE INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. CV-11-04248-PJH<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT<br><br>DATE: Oct. 24, 2012<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Phyllis J. Hamilton |

Nominal Party Google Inc. ("Google" or the "Company") and Individual Defendants Larry Page, Sergey Brin, Eric E. Schmidt, L. John Doerr, John L. Hennessy, Paul S. Otellini, K. Ram Shriram, and Shirley M. Tilghman (collectively "defendants") hereby request that this Court consider documents incorporated by reference in and integral to the Amended Verified Consolidated Shareholder Derivative Complaint ("Complaint" or "AC") and judicially notice pursuant to Rule 201 of the Federal Rules of Evidence certain documents submitted in support of the Defendants' Motion to Dismiss the Complaint.

## **DISCUSSION**

### **I. The Court Should Consider Documents Incorporated by Reference and Integral to Plaintiffs' Claims**

Under the incorporation by reference doctrine, district courts may "consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); May 8, 2012 Order at 5 (Dkt. 50) ("Order") (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). This doctrine has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (holding that district court had properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan where membership in the plan was alleged and claims depended on the conditions described in the documents), *abrogated by statute on other grounds*, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). This Court has recognized that, in the context of a motion to dismiss a shareholder derivative suit, the "Court may consider documents referenced extensively in the complaint and documents

form the basis of a plaintiff's claim." *In re VeriSign, Inc., Deriv. Litig.*, 531 F. Supp. 2d 1173, 1187 (N.D. Cal. 2007) (citing, *inter alia*, *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003)).

Accordingly, defendants request that the Court consider with the defendants' Motion to Dismiss the following documents, which are expressly cited to or necessarily relied upon in the Complaint:[1]

1. Excerpts from *The Power of Google: Serving Consumers or Threatening Competition?: Hearing Before the Subcomm. on Antitrust, Competition Policy and Consumer Rights of the Comm. of the Judiciary*, 112th Cong. 16 (2011) (AC ¶¶40, 63, 79), Ex. 3 to Declaration of Cheryl W. Foung in Support of Motion to Dismiss Amended Verified Consolidated Shareholder Derivative Complaint ("Foung Dec.").

2. Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on March 29, 2010 (*see* AC ¶101(a)), Ex. 9 to Foung Dec.

3. Excerpts from Google's proxy statement, Schedule 14A, filed with the SEC on April 20, 2011 (AC ¶115 ), Ex. 10 to Foung Dec.

**II.    The Court Should Take Judicial Notice of Other Documents**

Defendants also request that the Court take judicial notice of additional documents under Federal Rule of Evidence 201. A judicially noticeable fact is one that is not subject to reasonable dispute in that "it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." FED. R. EVID. 201(b). Judicial notice is "mandatory" if "requested by a party and supplied with the necessary information." FED. R. EVID. 201(d). As this Court held, "matters of public record" are the proper subjects of judicial notice, without converting a motion to dismiss a shareholder derivative complaint into a motion for summary judgment. Order at 5 (citing *Mack v.*

---

[1] The Court previously granted Defendants' Request for Judicial Notice in Support of Motion to Dismiss Verified Consolidated Shareholder Derivative Complaint (Dkt. No. 29) in its Order at 20. The Court granted the RJN in its entirety, which included different excerpts from these same proxy statements now set forth in Exhibits 9 and 10.

*South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).[2]

**Audited Financial Statements of Stanford University and Princeton University.**
Plaintiffs have directly put in issue the charitable contributions made to Stanford University and contributions to the endowment fund of Princeton University. AC ¶101(a), (b). Stanford and Princeton each have their respective independent accounting firms that, in the normal course, prepare audited financial statements that reflect the University's total contributions and endowment funds. Tax exempt organizations, such as Stanford and Princeton, are required to file with the Internal Revenue Service forms I-990. 26 U.S.C. § 501(a) & (c)(3); 26 U.S.C. § 6033(a)(1). Form I-990 requires filing organizations to report "contributions, gifts, grants and other similar amounts" received (I.R.S. Form I-990 (2011), Part VIII, line 1), and the value of any endowment funds (I.R.S. Form I-990 (2011), Part IV, line 10 & I.R.S. Form I-990, Schedule D, Part V, line 1). Filing organizations must make their forms I-990 publicly available. 26 U.S.C. § 6104(a)(1)(A).

These audited financial statements are the proper subject of judicial notice. *See Metro. Bus. Mgmt.*, *Inc. v. Allstate Ins. Co.*, No. CV 05-8306 CAS, 2009 WL 2424291, at *1-3 (C.D. Cal. Aug. 6, 2009) (taking judicial notice of company's quarterly financial statement that was required to be filed with a state agency; "Defendant is required by law to provide this information and its officers certify its accuracy"), *aff'd*, 448 F. App'x 677 (9th Cir. 2011); *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 558 & n.14 (N.D. Cal. 2009) (taking judicial notice of PwC's annual reports, including audit opinion, to the board and shareholders of Schwab Investments); *Univ. Prof'l & Tech. Emp., CWA Local 9119, AFL-CIO v. Bd. of Regents of the Univ. of Cal.*, No. C 06-3326 SBA, 2006 WL 3258993, at *2 (N.D. Cal. Nov. 9, 2006) (taking judicial notice of Annual Financial Report of University retirement plan); *Howard v. GAP, Inc.*, No. C 06-06773 WHA, 2007 WL 164322, at *5 (N.D. Cal. Jan. 19, 2007) (taking judicial notice of GAP's annual report "as it is publicly available, easily verified information"); *United States ex rel. Graves v. ITT Educ.*

---

[2] S*ee Baca ex rel. Insight Enters., Inc. v. Crown*, No. 09-1283-PHX, 2010 WL 2812697, at *2 (D. Ariz. Jan. 8, 2010) (citing, *inter alia*, *MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986)); *Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F. Supp. 2d 1325, 1339 n.6 (D. Ariz. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *In re Bidz.com, Inc. Deriv. Litig.*, 773 F. Supp. 2d 844, 849 n.2 (C.D. Cal. 2011).

*Servs. Inc.*, 284 F. Supp. 2d 487, 492 (S.D. Tex. 2003) (taking judicial notice of defendant's management assertion letter to its public auditor, compliance audit report opinion, and financial audit report opinion prepared by defendant's auditor and submitted to defendant's board of directors where documents are central to the claims asserted in the complaint), *aff'd*, 111 F. App'x 296 (5th Cir. 2004).[3]

Accordingly, defendants request that the Court take judicial notice of the following documents:

4. Excerpts from *Stanford University Annual Report* for 2006, obtained from Stanford's website at http://bondholder-information.stanford.edu/financials/annual_reports.html, Ex. 4 to Foung Dec.

5. Excerpts from *Stanford University Annual Report* for 2008, obtained from Stanford's website at http://bondholder-information.stanford.edu/financials/annual_reports.html, Ex. 5 to Foung Dec.

6. Excerpts from *Stanford University Annual Report* for 2010, obtained from Stanford's website at http://bondholder-information.stanford.edu/financials/annual_reports.html, Ex. 6 to Foung Dec.

7. Excerpts from Princeton University Consolidated Financial Statements for the years ended June 30, 2010 and 2009, obtained from Princeton's website at http://finance.princeton.edu/princeton-financial-overv/financial-facts/2230-Princeton-University-A-133-Report-FY2010.pdf, Ex. 7 to Foung Dec.

***Forbes* Report**. Courts take judicial notice of publications that provide financial data on individuals and companies, including financial ratings. *See Indep. Living Res. v. Oregon Arena*

---

[3] *See In re Reed*, 293 B.R. 65, 69 (Bankr. D. Kan. 2003) (taking judicial notice of debtor's statement of financial affairs); *Lipton v. MCI WorldCom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) (company's "tariffs are public documents which MCI is required to file with the Federal Communications Commission"); *Daghlian v. Devry Univ. Inc.*, No. 06-00994 MMM, 2007 WL 5625508, at *2 n.9 (C.D. Cal. Dec. 10, 2007) (taking judicial notice of enrollment statistics from UCLA web page); *cf. Champion v. Black & Decker (U.S.) Inc.*, No. 06-1548-CMC, 2007 WL 963478, at *3 n.2 (D.S.C. Mar. 27, 2007) (defendant's annual financial statements would likely be subject to judicial notice under Rule 201(b)).

*Corp.*, 982 F. Supp. 698, 753 n.69 (D. Or. 1997) (taking judicial notice of *Forbes* Report that defendant's employee was a co-founder of Microsoft, with estimated net worth over $14 billion and ranking as fourth wealthiest American); *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, 761 F. Supp. 1010, 1019 (S.D.N.Y. 1991) (taking judicial notice of Dun & Bradstreet report; financial ratings are beyond reasonable dispute), *aff'd*, 961 F.2d 1052 (2d Cir. 1992); *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, No. 11-cv-99-JGM, 2011 WL 2811317, at *3, 9 (D. Vt. July 18, 2011) (taking judicial notice of Standard & Poor's corporate credit and issue ratings); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (taking judicial notice of NASDAQ Composite Index as reflecting general market conditions during relevant period).

Accordingly, defendants request that the Court take judicial notice of the following document:

8. *The Forbes* 400*: The Richest People in America* (October 10, 2011), Ex. 8 to Foung Dec.

WHEREFORE, the defendants hereby request that the Court consider and take judicial notice of the above-referenced documents in connection with the defendants' Motion to Dismiss the Amended Complaint.

Dated: July 6, 2012

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

By: /s/ Boris Feldman
    Boris Feldman
Attorneys for Defendants
Larry Page, Sergey Brin,
Eric E. Schmidt, L. John Doerr, John L. Hennessy, Paul S. Otellini, K. Ram Shriram, Shirley M. Tilghman, and Nominal Party Google Inc.