# EXHIBIT B



ABRAHAM, FRUCHTER & TWERSKY, LLP

New York | California

aftlaw.com

# FIRM RESUME

Abraham, Fruchter & Twersky, LLP ("AF&T" or the "Firm") works to protect shareholder rights, bring claims on behalf of consumers who have been damaged by false advertising or the improper marketing of goods or services, and to protect businesses from unfair competition and business practices. AF&T's attorneys have a broad range of experience in representing investors in securities and shareholder litigation in both trial and appellate courts throughout the United States. In regard to shareholder rights, we litigate individual and representative actions involving claims of corporate fraud, mismanagement, insider trading and breaches of fiduciary duties. The Firm's mission is to protect investors and maximize shareholder value through the diligent and capable representation of our clients. AF&T also represents consumer fraud victims and has participated in consumer fraud cases involving, among others, mortgage lenders, consumer product manufacturers and insurance companies.

AF&T maintains offices located in New York, New York and San Diego, California. Our Firm's lawyers pride themselves on their diligence, professionalism, courtesy, responsiveness and capacity to deal with the most complex legal and factual issues. As a consequence of these qualities, skills and experiences, we have achieved favorable results in the cases we have litigated and have successfully litigated issues of first impression.

AF&T is one of the leading securities and shareholder class action firms in the nation and, in recent years, has been ranked among the top 20 plaintiff's law firms, according to Securities Class Action Services, a subsidiary of Institutional Shareholder Services.

## FIRM PRACTICE AREAS

### Securities Fraud Litigation

AF&T's Securities Fraud Litigation practice includes the prosecution of shareholder actions on behalf of purchasers or sellers of public and private securities, and relates to the misrepresentation of, or failure to disclose, material facts to investors. AF&T has represented clients in pursuit of their individual and class action claims. Typically, actions brought by the Firm's Securities Fraud Litigation practice group allege violations of the Securities Exchange Act of 1934 and the Securities Act of 1933.

AF&T's lawyers have substantial experience and have successfully resolved many Securities Fraud Litigation shareholder actions, including *In re China Medicine Corp. Sec. Litig.*, No. 8:11-cv-1061-JST (C.D. Cal.), in which our firm served as Lead Counsel on behalf of a class of investors that resulted in a recovery of 41% of estimated damages for the recovery class.

In *Citiline Holdings, Inc. v. iStar Financial, Inc.*, No. 08-cv-3612-RWS (S.D.N.Y), AF&T served as co-Lead Counsel and helped procure a settlement fund of $29 million on behalf of the class of damaged investors.

In *In re Global Crossing Securities Litigation*, 2005 U.S. Dist. LEXIS 16232 (S.D.N.Y.), where our firm's lawyers represented purchasers of Asia Global Crossing securities, our attorneys helped achieve an incredibly strong recovery for the benefit of the Asia Global Crossing shareholders in an amount equal to 8% of the funds recovered in the entire Global Crossing case, when they only suffered 1% of the losses.

AF&T also served as co-lead counsel in *In re Peregrine Systems, Inc. Securities Litigation*, 2002 U.S. Dist. LEXIS 27690 (S.D.Cal.), representing a class of shareholders who acquired Peregrine securities in exchange for their shares of stock in certain companies that were acquired by Peregrine. Along with a class of open-market purchasers, a settlement of approximately $117.5 million was obtained to resolve all claims, despite the company's bankruptcy filing, the lack of any insurance proceeds to contribute to the settlement and the dissolution of Arthur Anderson, LLP, the company's auditor, which was responsible for certifying the relevant false and misleading financial statements. Of the settlement amount, approximately $65 million was obtained from individual corporate officers and directors, amounting to one of the largest recoveries from individual defendants in a case of this nature. As a result of AF&T's efforts, the class of investors who acquired their Peregrine shares as a result of a stock exchange pursuant to a prospectus received a recovery that was approximately three times greater than those shareholders who acquired their shares in the open market.

*In re: Dreyfus Aggressive Growth Mutual Fund Litigation*, 98 CV 4318 (HB) (S.D.N.Y.), is a case in which members of our firm served on the executive committee of a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses. Plaintiffs settled their claims for $18.5 million in cash.

AF&T has an established record of successfully resolving securities class actions and procuring substantial recoveries on behalf of investors while serving as Lead Counsel or Co-Lead Counsel. A representative list of actions that have been successfully resolved by AF&T includes:

*In re Giant Interactive Group, Inc. Sec. Litig.*, No. 07-cv-10588-RWS (S.D.N.Y.) (13 million);
*In re Warner Chilcott Lt. Sec. Litig.*, No. 06-cv-11515-WHP (S.D.N.Y.) ($16.5 million);
*Liberty Cap. Group, Inc. v. Kongzhong Corp.*, No. 04-cv-6746-SAS (S.D.N.Y.) ($7.5 million);
*In re Internap Network Serv. Corp. Sec. Litig.*, No. 08-cv-3462-JOF (N.D. Ga.) ($9.5 million)

AF&T continues to represent the interests of harmed investors, and is currently serving as the court-appointed Lead Counsel or Co-Lead Counsel in the following class actions alleging violations of the federal securities laws including the following:

*Brown v. China Integrated Energy, Inc. et al.*, No. 2:11-cv-2559-MMM (C.D. Cal.)

*In re Fuqi Int.'l Sec. Litig.*, No. 10-cv-2515-DAB (S.D.N.Y.)

*Silverstrand Inv. v. AMAG Pharm., Inc., et al.*, No. 10-cv-10470-NMG (D.Mass.)

**Insider Trading**

AF&T's Insider Trading practice focuses on both federal and state law claims that seek to remedy and/or prevent unlawful insider trading by corporate insiders. These actions include claims that arise out of short-swing insider trading in violation of Section 16(b) of the Securities Exchange Act of 1934 which prohibits a statutorily defined insider from purchasing and selling on issuers shares within a six month period. The Firm's attorneys are among the leading experts in the nation with respect to 16(b) litigation, and have been at the forefront of obtaining favorable court rulings that have both enabled substantial recoveries for the ultimate benefit of investors and helped prevent future acts of corporate malfeasance associated with short-swing insider trading.

In one such 16(b) action, AF&T successfully resolved the matter for a cash settlement of $20 million. In another 16(b) case, AF&T achieved a $9.4 million settlement following a successful appeal to the U.S. Court of Appeals for the Eleventh Circuit.

In *Levy v. Sterling Holding Company*, 314 F. 3d 106 (3rd Cir. 2002), the United States Court of Appeals for the Third Circuit resolved, in a manner that was consistent with the position advocated by the Firm, certain issues of first impression relating to the scope and interpretation of Rule 16b-3 and Rule 16b-7 promulgated by the SEC pursuant to the Securities Exchange Act of 1934.

In addition to bringing cases under Section 16(b), AF&T has been at the forefront of efforts to cause corporate insiders to disgorge the proceeds of insider trading profits

3

earned during the time period the issuer's financial results were improperly reported or other material facts were improperly concealed from members of the investing public. These cases have involved asserting claims arising under state law principles of fiduciary duty in shareholder derivative actions which are described in the section below.

**Shareholder Derivative Litigation**

AF&T's Shareholder Derivative Litigation practice focuses on actions brought by shareholders of a corporation in order to obtain a recovery on behalf of that corporation from a corporate insider or other party for a violation of state or federal law that has caused damage to the corporation. Often, these actions seek to disgorge corporate insiders of the proceeds realized from self-interested transactions that deprive the company and its public shareholders of the true value of the assets involved or from insiders exploiting their positions for their own personal gain. Many of these actions also result in remedial corporate governance changes designed to prevent recurrent wrongdoing.

Among the shareholder derivative cases in which AF&T has served as lead counsel include *Kahn v. Buttner*, Index No. 650320/2008 (Sup. Ct. N.Y. Cty.) controlling shareholder would pay $2.9 million to a settlement fund for the sole benefit of Value Line Inc.'s 13.5% shareholders, representing a recovery for the minority shareholders of more than 85% of the maximum amount of monetary damages recoverable if shareholders were successful at trial and on appeal.

Our Shareholder Derivative Litigation practice also extends to cases involving the reckless management of a company's operations that causes damage to the company. One action making such allegations in which members of the Firm played a leading role was brought on behalf of the Bank of New York Corporation against corporate insiders with respect to the damage caused to the company by their failure to properly institute the internal controls necessary to prevent money laundering. After the denial of a motion to dismiss, the taking of substantial pre-trial discovery and the defeat of an effort to have the case decided by a special committee, the case was resolved for a cash payment of $26.5 million for the benefit of the Bank of New York.

AF&T's Shareholder Derivative Litigation practice also places great emphasis on achieving substantive corporate governance reform. For example, members of the Firm had a leading role in gaining significant and valuable remedial benefits designed to prevent a recurrence of corporate malfeasance at ImClone Systems Inc. (in addition to gaining a cash payment of $8.75 million). AF&T also served as lead counsel in a derivative shareholder action against Merck & Co. related to the company's misconduct surrounding its pain reliever Vioxx. The Firm successfully brought about material corporate governance reform, which the presiding Judge described as "far reaching and act[ing] to position Merck at the forefront of sound corporate governance and risk management practices," "ensur[ing] scientific integrity and drug patient safety," and "provid[ing] substantial benefit to Merck and its shareholders because they may serve to prevent future liability from sale of potentially dangerous drugs." The corporate governance changes, which provide, *inter alia,* for a Chief Medical Officer to act as an advocate for patient safety, were similarly praised by industry analysts as something "every pharma company should have..." Likewise, in *In re Schering-Plough Corp. Shareholders Derivative Litig.,* Master

Derivative Docket Civ. Action No. 01-1412, 2008 U.D. Dist. LEXIS 2569 (D. N.J. Jan. 14, 2008), the Firm was responsible for obtaining comprehensive corporate governance changes at Schering-Plough Corporation.

AF&T's attorneys are currently or have recently taken a leading role in shareholder derivative actions brought on behalf of, among others, Google, Johnson & Johnson, Tenet Health Systems, MedcoHealth Solutions, Inc., and Escala Group, Inc.

### Corporate Transactions & Shareholder Rights

AF&T's Corporate Transactions & Shareholder Rights practice handles cases dealing with transactions in which the interests of minority shareholders or limited partners are eliminated through either the sale of the entity's underlying assets or through the sale of the entity itself. In such transactions, corporate officers may be liable for advancing the financial or corporate interests of the controlling shareholder(s) or general partner(s) at the expense of minority investors. These cases often arise under Section 14(a) of the Securities Exchange Act of 1934 and state law principles requiring corporate officers and controlling shareholders to discharge their fiduciary duties with loyalty, care and prudence.

Members of the Firm have been active in this practice area, and the Firm has recently represented public institutions in challenging recent transactions. Recently, AF&T achieved a settlement of $10.5 million in a case brought on behalf of the limited partners of a series of limited partnerships controlled by Jones Intercable, Inc. The Firm also achieved a $5 million case settlement in a transaction involving the sale of a cable television system owned by American Cable TV Partners V, L.P. Another notable case led by AF&T resulted in an approximately 20% increase in the price offered in a management buyout of the minority interests of an investment trust.

Members of the Firm have been active in similar cases brought on behalf of shareholders of publicly traded companies where it appeared that the price being offered them for their shares was inadequate. As a result of AF&T's efforts in the litigation, shareholders received a $9 million increase in the price of a proposed tender offer made by a controlling shareholder in *In re Ugly Duckling Corp. Shareholders' Derivative and Class Litigation*, C.A. No. 18746 (Del. Ch.). Similarly, the Firm's efforts in *In re CFSBDirect Tracking Stock Shareholder Litigation*, C.A. No. 18307 (Del. Ch.), resulted in a 50% increase in the price offered by a controlling shareholder in a tender offer.

### Consumer Fraud

Consumers often feel powerless to stop major corporations from engaging in wrongful conduct, whether it be in the form of an improper fee or charge, an undelivered service, or a product that simply does not live up to expectations based on the company's advertising and labeling. AF&T regularly fights to protect consumers who have been wronged, no matter how small the individual damages.

As an example, AF&T achieved a favorable ruling from a New York State Appellate Court on an issue of first impression barring mortgage lenders from charging

New York State residents a fax fee in connection with the provision of mortgage payoff statements and holding that consumers had an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999, edition of The New York Law Journal and is reported as *Negrin v. Norwest Mortgage, Inc.* (163) A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

## FIRM ATTORNEYS

### *Jeffrey S. Abraham,* Partner

Following his graduation from Columbia University School of Law in 1987, Mr. Abraham worked for one year as a corporate securities lawyer for a mid-size New York City law firm. Thereafter, Mr. Abraham joined what, at the time, was the largest firm specializing in plaintiffs' securities litigation, a firm then known as Milberg Weiss Bershad Specthrie & Lerach. After working at Milberg Weiss for several years, Mr. Abraham left to start the Law Offices of Jeffrey S. Abraham, which subsequently merged with and into Fruchter & Twersky, LLP, to become AF&T.

Mr. Abraham's practice at Milberg Weiss focused on the prosecution of shareholder class actions on behalf of defrauded investors with the occasional representation of corporate clients in various litigation matters. Among the class actions which he was active in prosecuting during his tenure at Milberg Weiss were *In Re Crazy Eddie Securities Litigation,* 97 Civ. 87-0033 (E.D.N.Y.) in which a recovery in excess of $76 million was achieved for defrauded investors, and *Axton Candy & Tobacco Co., Inc. v. Alert Holdings Inc., (Alert Holdings Income Limited Partnership Litigation),* 92-Z-1191 (D. Colo.), in which a recovery of $60 million was achieved for defrauded investors. Mr. Abraham also successfully defended the appeal challenging the terms of that settlement before the Tenth Circuit. *See Hillman v. Webley,* 1996 U.S. App. LEXIS 25702 (10th Cir. 1996).

At AF&T, Mr. Abraham continues to focus on securities and shareholder litigation. During his tenure at the Firm, Mr. Abraham has served as lead counsel in many cases, including: *In re Peregrine Securities Litigation,* Civil No. 02cv870-J (S.D. Cal.) in which a settlement of approximately $117.5 million was achieved notwithstanding the company's bankruptcy, the lack of insurance proceeds to contribute to the settlement, and the dissolution of the company's auditors who shared liability. In another case, Mr. Abraham acted as co-lead counsel on behalf of purchasers of the securities of Asia Global Crossing in connection with *In Re Global Crossing Securities Litigation,* 02 CV 910 (S.D.N.Y.) in which a pro rata recovery was achieved for the Asia Global Subclass members that far exceeded the pro rata recovery obtained by the other defrauded investors in Global Crossing securities.

On another occasion, in a case arising under the short-swing insider trading provisions of Section 16(b) of the Securities Exchange Act of 1934, Mr. Abraham assisted in achieving a cash recovery of $20 million (without the benefit of insurance coverage) which at the time was the largest known cash recovery under that statute. Judge John S. Martin, Jr., the former U.S. Attorney for the Southern District of New York and the presiding Judge in the action, complimented the Firm's performance in the case in stating

"the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiffs counsel." *Steriner v. Williams; Levy v. Southbrook Int'l Investments, Ltd.,* 2001 U.S. Dist. LEXIS 7097, at * 20 (S.D.N.Y. May 31, 2001).

Other cases in which Mr. Abraham has had a primary litigation role include: *City Partnership Co. v. Jones Intercable, Inc.,* Civil Action No. 99-WM-1051 (D. Colo.), in which a recovery of $10 million was achieved on behalf of investors with respect to the sale of cable television systems and *City Partnership Co. v. IR-TCI Partners V, L.P.,* Civil Action No. 99-RB-2122 (D. Colo.) in which $5 million was recovered on behalf of limited partners with respect to the sale of a cable television system to a business affiliate of the general partner.

Mr. Abraham has successfully argued appeals in the U.S. Courts of Appeals for the Second, Third, Tenth and Eleventh Circuits.

Mr. Abraham is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern District of New York, Eastern District of New York and District of Colorado, and the U.S. Courts of Appeal for the Second, Third, Fourth, Seventh, Ninth, Tenth and Eleventh Circuits as well as before the U.S. Supreme Court.

*Jack G. Fruchter,* **Partner**

Mr. Fruchter is a 1992 *cum laude* graduate of the Benjamin N. Cardozo School of Law. Prior to founding the law firm of Fruchter & Twersky, LLP whose name was later changed to Abraham, Fruchter & Twersky, LLP, Mr. Fruchter was employed by the enforcement division of the U.S. Securities and Exchange Commission as well as a litigation associate at the law firm of Hughes Hubbard and Reed, LLP in New York City.

Mr. Fruchter has played a lead role in many of the securities fraud class actions litigated by our firm, including AirGate PCS, Inc., Printcafe Software, Inc., KhongZhong Ltd., Warner Chilcott Limited, Giant Interactive Group, Inc. and iStar Financial, Inc.

In *Liberty Capital Group, Inc. v. Kongzhong Corporation,* 04-CV06746SAS (S.D.N.Y.), for example, Mr. Fruchter took the lead in a securities class action alleging that the issuer's registration statement in connection with an IPO failed to disclose that the issuer had breached its service agreement with its primary customer, China Mobile Communications Corporation, resulting in sanctions against the issuer and a strained relationship with the customer. The case settled for 20% of the maximum provable damages, which is well in excess of the average recovery of 2-3% of damages in securities fraud litigation.

Mr. Fruchter has also focused on short-swing insider trading actions pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934. Mr. Fruchter has appeared at SEC staff meetings to discuss pending issues concerning Section 16(b) litigation and has been referred to as a leading practitioner in the field of Section 16(b) litigation. Romeo & Dye, Comprehensive Section 16 Outline 288 (June 2003).

Mr. Fruchter is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Third and Eleventh Circuits. Mr. Fruchter has also routinely appeared *pro hac vice* in Courts throughout the United States.

### *Mitchell M.Z. Twersky,* **Partner**

Following his graduation from the Georgetown University Law Center in 1991, Mr. Twersky was employed for several years as a commercial and civil litigation associate for a boutique litigation firm in New York City. In 1996 he founded the law firm of Fruchter & Twersky, LLP, which later changed its name to Abraham, Fruchter & Twersky, LLP.

At Abraham, Fruchter & Twersky, LLP, Mr. Twersky has focused on, among other things, short-swing insider trading actions pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934. Mr. Twersky played a lead role in *Levy v. Office Depot, Inc.*, in which a shareholder of Purchasepro.com alleged that as a consequence of the CEO of Office Depot serving on the Board of Directors of Purchasepro.com, Office Depot's trades in Purchasepro.com securities violated the insider trading provision of Section 16(b). Following PurchasePro.com's bankruptcy filing, AF&T was retained by the Debtor with the Bankruptcy Court's approval to continue with the prosecution of the action on the Debtor's behalf. The case settled for $9.4 million, more than half of the recoverable profits, after the Firm's successful appeal to the U.S. Court of Appeals for the Eleventh Circuit.

Mr. Twersky also played a lead role in a settlement valued at $38 million in *Rosenberg v. Delta Airlines, Inc.*, an action commenced in Delaware District Court against Delta Air Lines on behalf of Priceline.com for violations of the insider trading provisions of Section 16(b). He also played a lead role in a $20 million cash settlement of a Section 16(b) action in *Levy v. Southbrook International Investments, Ltd., et al.* brought in U.S. District Court for the Southern District of New York where Judge John S. Martin, Jr. in praising AF&T's work stated "counsel's effort here provided a bonanza to the corporation .. as the sole result of the diligence and sagacity of Plaintiff's counsel." 2001 U.S. Dist. LEXIS 7097, at * 20 (S.D.N.Y. May 31, 2001).

Mr. Twersky has appeared several times at SEC staff meetings to discuss pending issues concerning Section 16(b) litigation, has provided the SEC with written comments concerning the proposed promulgation of SEC Rules pertaining to Section 16(b) (Comments with respect to *Proposed Rule: Ownership Reports and Trading by Officers, Directors and Principal Security Holders, Release Nos. 34-49895, 35-27861, IC-26471*(June 21, 2004), available at www.sec.gov) and has been referred to as a leading practitioner in the field of Section 16(b) litigation. Romeo & Dye, Comprehensive Section 16 Outline 288 (June 2003).

Mr. Twersky has also played a leading role in AF&T's consumer and antitrust class action litigation. Mr. Twersky achieved a favorable ruling from a New York State Appellate Court on an issue of first impression barring mortgage lenders from charging New York State residents a fax fee in connection with the provision of mortgage payoff statements and holding that consumers had an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999,

8

edition of The New York Law Journal and is reported as *Negrin v. Norwest Mortgage, Inc.* (163) A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

In a case the Firm brought on behalf of consumers across the country against the four largest sunscreen manufacturers in the U.S. alleging the false advertising and labeling of sunscreen products. The case is currently pending in the Superior Court of California, Los Angeles County. *In re Sunscreen Cases,* JCCP 4352 (Sup. Ct. Cal.).

Mr. Twersky has been interviewed and quoted widely by the media, including the *Los Angeles Times*, *The New York Times*, *The New York Post*, *The Miami Herald*, and *The Wall Street Journal*. Mr. Twersky has also appeared on television and radio programs, including NBC's *Today in New York*, Comcast's *Nitebeat*, and National Public Radio's *Marketplace*.

Mr. Twersky has served on the Federal Regulation of Securities Committee of the American Bar Association as well as its Civil Litigation and SEC Enforcement Matters and Annual Review of Federal Securities Regulation Subcommittees.

Mr. Twersky is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the U.S. Courts of Appeal for the First, Second, Third, Seventh, Ninth and Eleventh Circuits, and the Supreme Court of the United States of America. Mr. Twersky has also routinely appeared *pro hac vice* in Courts throughout the United States.

### *Atara Hirsch,* **Of Counsel**

Ms. Hirsch concentrates her practice in securities litigation and institutional investor relations. Ms. Hirsch is a graduate of Brooklyn Law School and is admitted to practice before the Courts of the State of New York, the United States District Court for the Southern District of New York and the United States District for the Eastern District of New York.

Ms. Hirsch serves as the Firm's Director of Institutional Investor Services, advising public and private institutions throughout the world with respect to shareholder rights related to class action and individual direct action claims arising under U.S. federal and state securities laws. Ms. Hirsch is a frequent speaker on securities litigation issues, particularly as they relate to the rights and responsibilities of institutional investors. Ms. Hirsch has addressed the National Conference on Public Employee Retirement Systems, the Native American Finance Conference and the Florida Public Pension Trustees Association, and has authored, "Custodians Leave Investor Money on the Table" *(PERSist,* National Conference on Public Employee Retirement Systems (Fall 2009,) detailing the myriad of issues that may arise when pension funds rely solely on their custodians to monitor their stock portfolio.

*Ian D. Berg,* **Of Counsel**

Mr. Berg concentrates his practice in the area of securities litigation on behalf of public and private institutional investors, and has helped obtain significant recoveries on behalf of class members in several nationwide securities class actions, including *In re Tyco, International Securities Litigation* ($3.2 billion), *In re Initial Public Offering* ($586 million) and *In re Delphi Corporation Securities Litigation* ($325 million).

Mr. Berg has also helped resolve individual direct action claims on behalf of institutional funds, many of whom elected to opt-out of class action settlement recoveries. In particular, Mr. Berg helped several prominent mutual funds and a respected investment advisor resolve individual claims against Marsh & McLennan Companies, at a substantial premium to what they otherwise would have recovered by participating in the $400 million class action settlement.

Mr. Berg has also published several articles advising institutional investors regarding securities class action litigation. Mr. Berg has authored or co- authored the following articles: "Why Institutional Investors Opt-Out of Securities Fraud Class Actions and Pursue Direct Individual Actions" *(PLI Securities Litigation and Enforcement Institute,* July 23, 2009); "Credit Rating Agencies: Out of Control and in Need of Reform" *(Securities Litigation & Regulation Reporter,* June 30, 2009); "Ruling Warns Funds to Follow Class Actions" *(Pensions & Investments,* December 8, 2008); and "The 7th Circuit Sends a Strong Message: Institutions Must Monitor Securities Class Actions Claims" *(The NAPPA Report,* August 2008).

Mr. Berg is a graduate of Northwestern University (B.A.) and the Northwestern University School of Law (J.D.). Mr. Berg is admitted to practice in California, Pennsylvania and Illinois, as well as before the Southern District of California, Northern District of California, District of Colorado and the U.S. Courts of Appeal for the First, Second, and Third Circuits.

*Lawrence D. Levit,* **Of Counsel**

Lawrence D. Levit is a 1976 graduate of Franklin and Marshall College. He also received an M.A. in political science from the Eagleton Institute of Politics in 1978. Mr. Levit is a 1985 graduate of Brooklyn Law School where he was the Second Circuit Editor for the Law Review. He published an article entitled: *Habeas Corpus and the Exhaustion Doctrine: Daye Lights Dark Corner of the Law,* 50 Brooklyn Law Review 565 (1984).

Mr. Levit has specialized in class action litigation for approximately twenty years, primarily representing shareholders and consumers. Prior to joining AF&T, Mr. Levit was a partner at a mid-size law firm until 2002, where he was involved in actions that recovered hundreds of millions of dollars for class members. While at AF&T, he has served as co-lead counsel in *In re Peregrine Systems, Inc. Securities Litigation,* No. 02- CV-0870-BEN (RBB) (S.D. Cal), representing a class of claimants for violations of the federal securities laws. A settlement was obtained for approximately $117.5 million, with approximately $65.5 million of that amount being obtained from individual corporate officers and directors, one of the largest recoveries directly from individuals in a case of this nature.

The investors represented by the Firm (*i.e.,* those who acquired their Peregrine shares as a result of a stock exchange pursuant to a prospectus) received a recovery that was approximately three times greater than shareholders who acquired their shares by purchasing them on the open market. In another recent action, *Liberty Capital Group, Inc. v. KongZhong Corp.,* No. 1:04-CV-06746-SAS (S.D.N.Y.), Mr. Levit served co-lead counsel and was responsible for settling the action for 20% of the maximum provable damages, well in excess of the average recovery of 2-3% of damages in securities fraud litigation.

Mr. Levit is a member of the New York and New Jersey bars and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado as well as the United States Courts of Appeal for the Second, Third, and Fourth Circuits.

### *Mark S. Hamill,* Of Counsel

Mr. Hamill is Of Counsel in our New York office where he concentrates on securities fraud, shareholder derivative and antitrust matters. Prior to joining Abraham, Fruchter & Twersky, LLP, Mr. Hamill resided in Chicago where he practiced law with some of the City's most prominent law firms, including most recently as a partner at Kirkland & Ellis LLP.

While at Kirkland & Ellis, Mr. Hamill represented clients in litigations and investigations involving securities, accounting and auditing, antitrust and white collar matters as well as a broad range of commercial disputes.

Mr. Hamill is a graduate of Washington & Jefferson College (B.A.) and Northwestern University School of Law (J.D.). He is admitted to practice in the states of New York and Illinois, the Northern District of Illinois and the U.S. Court of Appeals in the First and Sixth Circuits.

Mr. Hamill is also a Certified Public Accountant licensed in Pennsylvania. Prior to attending law school, Mr. Hamill worked as a CPA and consultant with KPMG and Deloitte, and as a senior internal auditor at Whirlpool Corporation.

*Takeo A. Kellar,* **Associate**

Mr. Kellar practices out of the Firm's San Diego office and concentrates his practice in the area of securities litigation on behalf of public and private institutional investors. Prior to joining Abraham, Fruchter & Twersky, LLP, Mr. Kellar practiced securities litigation at Bernstein, Litowitz, Berger & Grossmann LLP, where he prosecuted securities fraud and derivative shareholder actions on behalf of institutional investors. Mr. Kellar has helped obtain significant recoveries on behalf of class members in several nationwide securities class actions, including *In re William Securities Litigation* ($311 million), *In re Maxim Integrated Products, Inc. Securities Litigation* ($173 million), *In re New Century Securities Litigation* ($125 million) and *Atlas v. Accrediited Home Lenders Holding Co.* ($22 million settlement). Mr. Kellar also worked on the trial team responsible for successfully prosecuting the *In re Clarent Corp. Securities Litigation,* which resulted in a favorable jury verdict for shareholders against the company's former CEO. In addition, Mr. Kellar has assisted in successfully prosecuting and settling important shareholder derivative cases pertaining to corporate waste such as the Apollo Group, Inc. and the Activision, Inc. stock option backdating cases.

Mr. Kellar is a graduate of the University of California, Riverside (B.A.) and the University of San Diego School of Law (J.D.). Mr. Kellar is admitted to practice in the State of California and before the United States District Courts for the Northern, Central and Southern Districts of California.

*Philip T. Taylor,* **Associate**

Mr. Taylor is a 2006 graduate of the New England School of Law. Mr. Taylor, born in Montreal, Canada, obtained a B.Comm. (finance, *with distinction)* from Concordia University (John Molson School of Business). During law school, Mr. Taylor worked full-time as a law clerk for the Massachusetts Department of Public Safety and held internships at the Massachusetts Appellate Tax Board and the Boston Stock Exchange. Mr. Taylor is a member of the New York City Bar Association and serves on its Federal Legislation Committee. Mr. Taylor is admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York.

*Christopher G. Matthews,* **Associate**

Mr. Matthews is an associate in our New York office focusing on securities litigation. He also serves as an analyst for our Institutional Investor Services group where he monitors AF&T's institutional client portfolios to identify material losses caused by fraud, breaches of fiduciary duty and other violations of corporate and securities laws. He obtained his law degree from the University of Miami School of Law. In addition to his law degree, Mr. Matthews has an M.B.A. in finance, giving him unique insight into how fraud affects the securities markets. He is admitted to practice in the states of New York, New Jersey and Florida as well as the U.S. District Court for the Southern District of New York.

*Xiang Li*, **Associate**

Ms. Li is an associate in our New York office where she focuses on securities litigation. She received her L.L.B. degree from the East China University of Political Science and Law and her L.L.M. degree from New York University School of Law. Prior to AF&T, Ms. Li interned at a New York investment bank with a focus on taking Chinese companies public as well as in the Shanghai office of a major U.S. law firm. She is fluent in Mandarin Chinese and is a member of the Chinese Business Lawyers Association. She is admitted to practice in the state of New York.

*Arthur Chen*, **Associate**

Mr. Chen is a 2005 graduate of the Albany Law School and served as Student Editor for the New York State Bar Association Business Law Journal. Mr. Chen is admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York.

*Wei Chen*, **Associate**

Ms. Chen is an associate in our New York office where she focuses on securities litigation. She is a graduate of the City University of New York School of Law where she was a recipient of the Charles H. Revson Public Interest Fellowship and a final round participant in the CUNY Moot Court competition. Ms. Chen is admitted to practice in the states of New York, New Jersey and Connecticut in addition to the U.S. District Court of New Jersey. She is fluent in both the Mandarin and Cantonese dialects of Chinese as well as Taiwanese.

## NOTABLE LITIGATION ACHIEVEMENTS

The following is a representative list of some of the many favorable settlements achieved by AF&T"s attorneys as a result of their diligence and sagacity:

*In re Peregrine Securities Litigation (S.D. Cal.)*:

This case resolved favorably for investors with a settlement of approximately $117.5 million despite the company's bankruptcy, the lack of insurance proceeds to contribute to the settlement, and the dissolution of the company's auditors, which certified the company's relevant financial statements.

*In re: CFSB Direct Tracking Stock Shareholder Litigation (Del. Ch. Ct.)*:

This case was resolved favorably with a recovery of $36.4 million on behalf the class of investors, equaling a 50% increase in the price offered by a controlling shareholder in a tender offer.

*In re: Bank o(New York Corporate Derivative Litigation (S.D.N.Y)*:

This case favorably resolved with a $26.5 million cash recovery and substantial corporate governance changes in a shareholder derivative action brought on behalf of a major New York bank defrauded by unlawful money laundering.

*Levy v. Southbrook International Investments, Ltd., et al (S.D.N.Y)*:

This case resolved favorably with a $20 million cash settlement, the largest then known cash recovery for claims arising under Section 16(b) of the Securities and Exchange Act of 1934. The presiding Judge John S. Martin commended the Firm, stating, "counsel's effort here provided a bonanza to the corporation... as the sole result of the diligence and sagacity of Plaintiff's counsel." (2001 U.S. Dist. LEXIS 7097, at * 20 (S.D.N.Y. May 31, 2001)).

*Rosenberg v. Delta Airlines, Inc. (D. Del.)*:

This case resolved in favorable settlement recovery valued at $38 million from Delta Air Lines on behalf of Priceline.com for violations of the insider trading provisions of Section 16(b).

*Lawrence v. Gouldd, et al. (D. Nev.)*:

This case resulted in a settlement valued at $30 million after two weeks of trial in a class action pursuant to Section 12 of the Securities Act of 1933 and the Nevada Deceptive Business Practices Act for the alleged operation of a pyramid scheme.